# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| LOUIS Z. MOSBY, | ) |
| Petitioner, | ) ) ) |
| vs. | ) ) Case number 4:08cv1478 TCM |
| STEVE LARKINS, | ) ) ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

Pending in this 28 U.S.C. § 2254 action is the motion of petitioner, Louis Z. Mosby, for the appointment of counsel on the grounds he is financially unable to retain counsel, has no legal training, and has a complex case. [Doc. 3]

Petitioner seeks habeas relief from his conviction following a guilty plea to first degree assault and armed criminal action, arguing that his plea was involuntary because the trial court did not require a factual basis before accepting the plea; there were insufficient facts to support the necessary finding that he attempted to kill or cause serious injury to the victim; and the trial court mistakenly believed it had to run the sentence for armed criminal action consecutively to the assault sentence. Respondent has been ordered to show cause why habeas relief should not be granted.

There is no constitutional or statutory right to appointment of counsel in habeas corpus proceedings, see **Morris v. Dormire**, 217 F.3d 556, 558 (8th Cir. 2000); "instead, [the appointment of counsel] is committed to the discretion of the trial court," **McCall v. Benson**, 114 F.3d 754, 756 (8th Cir. 1997). In considering whether to appoint counsel, the factual and legal complexity of the case and the petitioner's ability to investigate and

articulate his claims should be considered.  **Morris**, 217 F.3d at 558-59; **Nachtigall v. Class**, 48 F.3d 1076, 1081-82 (8th Cir. 1995).  Moreover, where the issues involved can be properly resolved without an evidentiary hearing, the court does not abuse its discretion in denying a request for appointment of counsel.  See **Hoggard v. Purkett**, 29 F.3d 469, 471 (8th Cir. 1994).

At this early stage in the proceedings, the issues raised in the petition appear to be neither factually nor legally complex, to be articulately and appropriately advocated by Petitioner, and to capable of being resolved without an evidentiary hearing.  Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's motion for appointment of counsel is **DENIED**.  [Doc. 3]


/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this 27th day of October, 2008.